**SOLAR TURBINES INCORPORATED, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

**Solar Turbines Incorporated, Petitioner**

v.

**Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2003.

Decided Jan. 23, 2004.

William T. Hawke, Harrisburg, for petitioner.

John J. Butchar, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY Judge FRIEDMAN.

Before the court en banc are the exceptions of Solar Turbines, Inc., (Solar) from the February 4, 2003, opinion and order of this court, which affirmed the January 24, 2001, orders of the Board of Finance and Revenue denying Solar's petitions for refunds of Utilities Gross Receipts Tax (Tax) payments for the years 1997 and 1998. The Tax is imposed pursuant to section 1101(b) of the Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 8101(b).[1]

As set forth in our initial decision,[2] Solar, a wholly owned subsidiary of Caterpillar, Inc., (Caterpillar), is a worldwide designer and manufacturer of gas turbine engines. Solar owns and operates its only electricity generation project in the town of Springettsbury, York County, Pennsylvania. The project was undertaken at the direction of Caterpillar's board of directors

---

1. In pertinent part, section 1101(b) of the Tax Code states as follows:

   **(b) Electric Light, Waterpower and Hydroelectric Utilities.**—Every electric light company, waterpower company and hydroelectric company now or hereafter incorporated or organized by or under any law of this Commonwealth ... and every limited partnership, association, joint-stock association, co-partnership, person or persons, engaged in electric light and power business, waterpower business and hydro-electric business in this Commonwealth, shall pay to the State Treasurer, through the Department of Revenue, a tax of forty-four mills upon each dollar of the gross receipts ... received from:

   (1) *the sales of electric energy* within this State, except gross receipts derived from the sales for resale of electric energy....

   72 P.S. § 8101(b) (emphasis added).

2. *Solar Turbines, Inc. v. Commonwealth,* 816 A.2d 362 (Pa.Cmwlth.2003).

for the purpose of providing Caterpillar with inexpensive and reliable electricity. The electricity generated by Solar is provided to Caterpillar at cost. Since the inception of the project in 1989, Solar has reported sales of electricity to Caterpillar as taxable gross receipts.[3]

Solar filed petitions with the Board of Appeals for refunds of the Tax paid in 1997 and 1998, arguing that the Tax applies only to public utilities. The Board of Appeals denied both petitions, and the Board of Finance and Revenue affirmed. Solar appealed the matter to this court, which, after oral argument, affirmed the Board of Finance and Revenue's decisions. Solar then filed the subject exceptions, which were argued before this court sitting en banc on December 10, 2003.[4]

In its exceptions, Solar contends that the panel erred in relying on *Hanley and Bird v. Commonwealth,* 139 Pa.Cmwlth. 563, 590 A.2d 1382 (1991) (en banc). In that case, we rejected the assertion that section 1101(a) of the Tax Code, 72 P.S. § 8101(a), which imposed the Tax on sales of gas, applied only to public utilities. In *Hanley and Bird,* we stated that "[s]ection 1101(a) of the [Tax Code] identifies taxpayers by the *function* they perform, without regard to whether they are a public utility." *Id.* at 1386. Solar asserts that this principle was effectively overruled by a 1991 amendment to the Tax Code, which limits the imposition of the Tax on *sales of gas* to sales made by public utilities. However, although sections 1101(a) and (b)

both have been amended since *Hanley and Bird* was decided, the legislature has not amended section 1101(b) to limit application of the Tax on *sales of electric energy* to those sales made by public utilities. Simply put, the legislative amendments to the Tax Code regarding gas companies and sales of gas were not extended to sales of electric energy.[5]

Solar's remaining exceptions present the same issues that were addressed by this court in its February 4, 2003, decision. After review of the record and briefs, we conclude that none of the arguments presented by Solar warrants sustaining its exceptions and vacating this court's panel decision.

Accordingly, Solar's exceptions are denied.

President Judge COLINS dissents.

## ORDER

AND NOW, this 24th day of January, 2004, the exceptions of Solar Turbines, Inc., to this court's opinion and order in *Solar Turbines, Inc. v. Commonwealth,* 816 A.2d 362 (Pa.Cmwlth.2003), are hereby denied.

---

3. Solar has sold excess electricity to Metropolitan Edison at wholesale. The wholesale sales to Metropolitan Edison are exempt from the Tax; Metropolitan Edison pays the Tax on the gross receipts from sales to its customers.

4. In tax appeals from the Board of Finance and Revenue, this court functions as a trial court, and exceptions filed pursuant to Pa. R.A.P. 1571(*i*) have the effect of an order granting reconsideration.

5. The legislature's differing treatment of the two commodities is further reflected by a 1999 amendment to section 1101(a) of the Tax Code, which removes gas companies and sales of gas from those entities subject to the Tax. *See* section 14 of the Act of May 12, 1999, (Act 1999-4), P.L. 26.